UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC DWAYNE HATCHER #246133, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:08-cv-246 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| GERALD HOFBAUER, | ) | |
| | ) | **OPINION** |
| Respondent. | ) | |
| _____ | ) | |

　　　　　This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Petitioner claims that he is being improperly incarcerated within the Michigan Department of Corrections (MDOC) because he is not a citizen of either the United States of America or the State of Michigan. Petitioner states that he is a "Free Born" Sovereign American National of the United States of America and has dual allegiance combining both the Empire Washitaw de Dugdyahmoundyah and Michigan Republic.

　　　　　A § 2241 petition is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). Petitioner claims that on April 1, 2006, he declared his citizenship with the Washitaw Nation and that the MDOC has no jurisdiction to continue holding Petitioner. A review of Petitioner's profile on the MDOC's Offender Tracking System (OTIS) reveals that he is serving a life sentence for a 1995 conviction of second degree murder. Petitioner does not appear to be contesting the constitutionality of his underlying murder conviction. Petitioner fails to assert any authority in support of his position that his continued incarceration violates his constitutional rights.

Therefore, the court concludes that Petitioner's claims are meritless because he has no constitutional right to be released from incarceration within the MDOC. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976).

Where a § 2241 Petitioner complains of a detention arising out of process issued by a State court, the Petitioner is required to obtain a certificate of appealability (COA) in order to appeal the denial of his petition. *Greene v. Tennessee Dept of Corrections*, 265 F.3d 369, 370 (6th Cir. 2001). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Petitioner is not contesting his second degree murder conviction, but merely asserts that he has renounced his United States citizenship. As noted above, Petitioner has failed to allege any facts showing that his continued incarceration in the MDOC violates his constitutional rights. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: <u>November 5, 2008</u>                         /s/ Robert Holmes Bell
                                                                                   ROBERT HOLMES BELL
                                                                                   UNITED STATES DISTRICT JUDGE